UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
Case No. 2:25-cv-13839-RMG-MHC

| | |
|---|---|
| Regina Bristow, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| Charleston County School District, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

COMES NOW, the Plaintiff, Regina Bristow, by and through undersigned counsel, who alleges and says unto this Honorable Court the following:

### INTRODUCTION

1. This is an action seeking declaratory judgment, equitable relief, compensatory and punitive damages, costs, and attorney's fees for discrimination and retaliation in violation of the following:

   a. Title VII of the Civil Rights Act of 1964, as amended, §701 et. seq., 42 U.S.C. §2000e et seq.; along with 1991 Civil Rights Act, as amended ("Title VII") - race, sex discrimination and retaliation.

   b. Age Discrimination in Employment Act of 1967, 29 U.S.C. §633a, as amended ("ADEA) - age discrimination.

1

  c. Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, 12112(b), as amended by the Americans with Disabilities Act Amendments Act ("ADAAA"), Pub. L. No. 110-325, §8; 122 Stat. 3553 (Sept. 25, 2008)- disability discrimination and retaliation.

  d. General Policy of the Government prohibiting retaliation for opposing all civil rights practices listed above, 29 C.F.R. §1614.101(a)&(b).

2. This Court has jurisdiction of this matter under 42 U.S.C. § 2000e-5(f), and under 28 U.S.C. §§1331 and 1343(4).

3. Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendant conducts substantial, systematic, and continuous business activity in this district; is subject to personal jurisdiction in this district; and, because all of the acts underlying this lawsuit occurred in this district.

4. Compensatory and punitive damages are both sought pursuant to the 1991 Civil Rights Act, et seq. as amended, as well as the 1964 Civil Rights Act, Title VII of the 1964 Civil Rights Acts, Section 704(a), et seq., and 626(b) of the ADEA and 42 U.S.C. § 1981a (b) providing for recovery of ADA damages.

5. Furthermore, Plaintiff seeks attorney's fees for the bringing of this action pursuant to the 1976 Civil Rights Attorney's Fees Act and other appropriate attorney fees statutes authorized by law.

6. Plaintiff is an African American Female over the age of 40 with disability and a citizen of the United States and a resident of Marion County, South Carolina.

7. At all times relevant to this Complaint, Plaintiff was employed by Defendant Charleston County School District ("CCSD") as an Educator.

8. CCSD is a body politic and corporate that provides public educational services to student residents within the defined boundaries of Charleston County.

9. On information and belief, at all times relevant to the allegations in this complaint, Defendant was authorized to and did waive any immunity from civil liability under by purchasing liability insurance, either by contract with an insurance company or by participation in an insurance risk pool that covers the claims raised in this lawsuit.

10. Defendant is an employer within the meaning of Title VII - 42 U.S.C. §2000e-(b); ADA - 42 U.S.C. §12111(2)and (5); ADEA - 29 USC §630(b).

11. The Plaintiff has exhausted all administrative remedies in that Plaintiff was issued a Determination and Notice of Rights from the EEOC dated September 15, 2025.

12. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court and brings this action within ninety (90) days of the receipt of the final agency decision.

**STATEMENT OF FACTS**

13. Plaintiff was employed as an educator with Defendant's School District from August 2018 to March 2025, when she was terminated at the exhaustion of her FMLA leave after being out of work for an extended period of time for medical reasons.

14. On March 24, 2025, Plaintiff provided Defendant a medical note dated March 18, 2025, extending her time out of work from March 18 to June 19, 2025.

15. Defendant terminated Plaintiff via letter dated March 25, 2025, stating termination was effective March 11, 2025, although Defendant never provided Plaintiff the letter until April 1, 2025.

16. Plaintiff was constructively discharged from employment in that her hostile work environment that she had been experiencing over the years culminated in her need for medical leave and inability to return to work.

17. Plaintiff had been experiencing hostile work environment with respect to treatment at work, unequal or unfavorable work assignments, unequal consideration for career advancement, heightened scrutiny and unequal discipline.

18. Plaintiff had been performing satisfactorily as the only African American Core Teacher, an isolating and challenging experience, as she was treated with indifference to her medical leave requests, her concerns and contributions. Plaintiff had positive classroom reviews. Plaintiff's satisfactory work performance was also evidenced by her service as a host for a student teacher.

19. Plaintiff had been serving as the department chair of the social studies department during her employment with Defendant from 2018 - 2025, as evidenced by emails referencing Plaintiff as such. Plaintiff was removed as department chair without cause and replaced by a younger white male, Connor Travis.

20. Plaintiff had been traditionally evaluated by Assistant Principals for performance; however, while Plaintiff was out on medical leave, Defendant made attempts to conduct evaluation with Plaintiff's principal, who Plaintiff had complaints about, Maite Porter.

21. Plaintiff had been selected to serve on a textbook review panel for CCSD in February 2021; however, Defendant informed Plaintiff that she could not take the time off for this event, with no explanation given as to why she could not.

22. Defendant assigned Plaintiff difficult or challenging teaching tasks such as assignment to students from Turning Point Academy, an alternative placement program for disciplinary or IEP reasons.

23. Defendant was on notice of Plaintiff's battle with breast cancer, and while she was going through breast cancer treatments, Defendant assigned Plaintiff to work with challenging or tough homerooms with more difficult students.

24. Defendant was on notice of Plaintiff's battle with breast cancer, and Plaintiff requested medical leave and was asked to schedule it another day because a lot of people were already out. In another instance Defendant arbitrarily denied Plaintiff leave due to a family member being in hospice without any explanation for the denial.

25. Defendant placed Plaintiff on administrative leave effective August 30, 2024 after a negative student interaction; however Plaintiff was informed that the School Resources Officer made a no cause determination after viewing the footage of Plaintiff's student interaction, thus proving the suspension was unwarranted and served to blemish Plaintiff's reputation.

26. While Defendant accused Plaintiff of unprofessional behavior and placed her on administrative leave, Plaintiff is aware of 3 white females in an argument over 1 male PE teacher who were not placed on administrative leave for unprofessional behavior, while Plaintiff was.

27. Plaintiff had a record of disability with Defendant as evidenced by medical leave requests and medical records such as doctor's notes or completed forms on file with

Defendant. Plaintiff's medical absence before termination was approved in Rover until March 31, 2025, although Defendant terminated Plaintiff, effective March 11.

28. Plaintiff is aware and has observed younger caucasian teachers treated more favorably than older and/or african american teacher in terms of discipline and career advancement:

   a. Norma Smith, an assistant principal, sent a negative text, intended for the principal, about a teacher to the teacher she was speaking about, and was not disciplined, but Marci Lockamy was placed on leave and demoted for talking about a teacher; (3);

   b. Four teachers were scheduled a meeting in 2021-2022 school year over principal complaints and all teachers were terminated after attempting grievance; just as Plaintiff was terminated after attempting grievances.

   c. Marci Lockamy lodged a complaint April 2022 describing the racial discrimination and hostile work environment that she endured like Plaintiff.

   d. Other African American Employees who were treated unfavorably by Defendant were Dr. Chandrekah Shaw, Jayuntay Williams, and Latricia Heyward.

   These examples show a pattern of discrimination and retaliation that have not been properly investigated or addressed by Defendant and subjects Plaintiff to liability.

29. Plaintiff engaged in protected activity when she complained of unequal treatment over the years of her employment. Plaintiff also engaged in protected activity with written grievance regarding her administrative leave submitted via letter dated September 24, 2024. Plaintiff also engaged in protected activity every time she

requested medical leave of absence, most recently with her FMLA form dated September 2024 in which Defendant was placed on notice of Plaintiff's medical conditions of breast cancer, COPD, PTSD, Sarcoidosis, Neuropathy. And after engaging in protected activity, Plaintiff was separated from employment for disputed reasons that demonstrate pretext.

30. Defendant treated Plaintiff differently on the basis of race, age, disability or perceived disability, and in retaliation all within the terms, privileges, and conditions of employment.

31. Plaintiff is aware of other employees of a difference race, gender of younger age, or working without disabling conditions, who were not unequally or unfairly disciplined for perceived unprofessional conduct, who were not terminated while on extended medical leave, and who were not given unfavorable or more challenging job assignments, and who were not arbitrarily denied leave requests or told to rearrange medical leave requests.

32. Defendant cannot articulate a legitimate business reason for the ongoing hostile work environment and unequal treatment and retaliatory treatment, it has created for Plaintiff nor for the separation of Plaintiff.

33. Defendant's facially neutral policies and procedures were applied in a discriminatory and retaliatory manner, that was improper and violated Defendant's own practice and standards and in a manner which had a disparate impact on Plaintiff.

34. As a result of the acts of discrimination and retaliation within Defendant's employment practices and work environment, Plaintiff had suffered loss of employment position, loss of pay, compensatory damage, emotional harm and

distress, financial distress, as well as harm to her personal and professional reputation and a potential loss of prospective employment relationships.

## COUNT I
### (TITLE VII VIOLATION – Race, Sex and Retaliation)

35. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

36. Plaintiff, an African American Female Employee of Defendant, was performing satisfactorily over the course of her employment, with positive student reviews and positive evaluations and email acknowledgments of Plaintiff as Department Chair.

37. Defendant then began to hold Plaintiff to a different standard of work performance, removing Plaintiff as department chair in favor of a younger white male, without legitimate business reason, assigning Plaintiff the more challenging or difficult students or teaching assignments, denying Plaintiff participation on committees within the district, denying or objecting to Plaintiff medical leave, and unequal discipline and separation, both also unjustified.

38. Plaintiff is aware of caucasian employees and male employees who were not subjected to the same work environment that Defendant subjected Plaintiff to.

39. Plaintiff engaged in the protected activity of making internal complaints and requesting meetings with the principal. Defendant took no action in response to Plaintiff's concerns.

40. Defendant then retaliated against Plaintiff for her complaints by separating Plaintiff after placing Plaintiff on an unwarranted administrative leave.

41. Plaintiff is aware of other employees of a difference race or gender who were not subjected to these adverse employment actions of administrative leave for alleged unprofessional conduct and termination while on medical leave.

42. The foregoing actions of Defendant and its representatives discriminated and retaliated against Plaintiff on the basis of race, sex and retaliation all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2.

43. Plaintiff has suffered injury, including immediate and irreparable injury as described in the statement of facts, as a direct and proximate result of the Defendant's violation of all said rights as alleged herein.

## COUNT II
### (ADEA VIOLATION – AGE)

44. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

45. Plaintiff, an Employee of Defendant over the age of 40, was performing satisfactorily was performing satisfactorily over the course of her employment, with positive student reviews and positive evaluations and email acknowledgments of Plaintiff as Department Chair.

46. Defendant then began to hold Plaintiff to a different standard of work performance, removing Plaintiff as department chair in favor of a younger white male, without legitimate business reason, assigning Plaintiff the more challenging or difficult students or teaching assignments, denying Plaintiff participation on committees

within the district, denying or objecting to Plaintiff medical leave, and unequal discipline and separation, both also unjustified.

47. Plaintiff is aware of younger employees who were not subjected to the same work environment that Defendant subjected Plaintiff to with respect to department chair selection, leave requests, teaching assignments and discipline and separation.

48. The foregoing actions of Defendant and its representatives discriminated against Plaintiff on the basis of age all in violation of Age Discrimination in Employment Act of 1967, 29 U.S.C. §633a, as amended ("ADEA).

49. Plaintiff has suffered injury, including immediate and irreparable injury as described in the statement of facts, as a direct and proximate result of the Defendant's violation of all said rights as alleged herein.

## COUNT III
### (ADA - Disability and Retaliation)

50. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

51. Plaintiff, an Employee of Defendant who was living with disabling conditions such as breast cancer, COPD, PTSD, Sarcoidosis, Neuropathy, all conditions that affect her daily life activities, driving and ability to work continuously without interruption, was performing satisfactorily was performing satisfactorily over the course of her employment, with positive student reviews and positive evaluations and email acknowledgments of Plaintiff as Department Chair.

52. Defendant then began to hold Plaintiff to a different standard of work performance, removing Plaintiff as department chair in favor of a younger white male without disability or perceived disability, without legitimate business reason, assigning Plaintiff the more challenging or difficult students or teaching assignments, denying Plaintiff participation on committees within the district, denying or objecting to Plaintiff medical leave, and unequal discipline and separation, both also unjustified.

53. Defendant did not treat similarly situated employees without a disability in the same manner as Plaintiff was treated.

54. Defendant was on notice of Plaintiff's disabling conditions before placing Plaintiff on Administrative Leave unfairly.

55. Defendant was on notice of Plaintiff's medical leave commencing in September 2024, upon receipt of medical excuses and Plaintiff's FMLA form.

56. Defendant still attempted to meet with Plaintiff while on medical leave.

57. Defendant indicated Plaintiff's medical leave was approved until March 31, 2025, and then Defendant terminated Plaintiff via letter dated March 25, 2025, stating termination was effective March 11, 2025, although Defendant never provided Plaintiff the letter until April 1, 2025.

58. Because Rover informed Plaintiff that her leave had been extended to March 31, 2025, Plaintiff had provided Defendant a medical note dated March 18, 2025, extending her time out of work from March 18 to June 19, 2025.

59. Defendant provided no legitimate business reason for terminating Plaintiff before the end of her leave period documented in Rover.

60. Defendant made false claims that Plaintiff did not communicate with Defendant when Plaintiff provided completed FMLA forms to Defendant and medical excuses to Defendant documented via email.

61. Plaintiff engaged in protected activity with written grievance regarding her administrative leave submitted via letter dated September 24, 2024. Plaintiff also engaged in protected activity every time she requested medical leave of absence, most recently with her FMLA form dated September 2024 in which Defendant was placed on notice of Plaintiff's medical conditions of breast cancer, COPD, PTSD, Sarcoidosis, Neuropathy. Plaintiff also filed an EEOC complaint while still employed with Defendant.

62. And, after engaging in protected activity, Plaintiff was separated from employment for disputed reasons that demonstrate pretext.

63. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her disability in violation of the Americans with Disabilities Act; and the unlawful employment practices were willful and Defendant knew or should have known the effect of its unlawful business practices.

64. As a result of the acts of discrimination based on disability as well as retaliation, Plaintiff has suffered financial and emotional distress, impaired reputation and the loss of employment opportunities. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A.  Award Plaintiff costs of this action, together with reasonable attorney's fees as provided by 42 U.S.C. §12205 and 42 U.S.C. §12117; under 42, U.S.C. §2000e-5(k), 29 U.S.C.A. § 2617(a)(3);

B.  Direct Defendant to pay Plaintiff compensatory damages; damages for her emotional distress, mental anguish and humiliation; and other compensatory and punitive damages allowable under 2 U.S.C. §1311(b)(3) and 42 U.S.C. §12117(a) in the amount to be determined by a jury;

C.  Additional liquidated damages in the amount of the above-requested award, pursuant to all applicable sections of Title VII, ADA and/or ADEA;

D.  Award Plaintiff, reinstatement, back pay, and other compensatory and punitive damages in an amount to be determined by a jury; Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to all applicable sections of Title VII, ADA and/or ADEA; and,

E.  Award Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By: s/ Pheobe A. Clark
**Pheobe A. Clark**, Federal ID No. 9888
Post Office Box 13057
Florence, SC  29504-3057
Phone: (843) 669-5634
December 11, 2025                         Fax:   (843) 669-5150